UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JARVIS D. WINBUSH | CRIMINAL ACTION NO. 03-50091-01 |
| VERSUS | CIVIL ACTION NO. 06-1277 |
| UNITED STATES OF AMERICA | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before the Court is Jarvis D. Winbush's ("Winbush") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 43). For the reasons set forth herein, Winbush's motion is **DENIED**.

**I.  FACTUAL BACKGROUND.**

Winbush was on parole for a prior felony offense. Louisiana state probation and parole officers received a tip that he was in possession of a firearm in violation of his parole and his status as a convicted felon. Officers conducted an unannounced search of Winbush's residence, where they found cocaine and a .380 caliber hand gun. He was arrested and charged with being a felon in possession of a firearm and possession of a controlled substance with intent to distribute.

**II.  PROCEDURAL BACKGROUND**.

On August 27, 2003, a federal grand jury returned a two count indictment against Winbush charging him with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and one count of forfeiture. On December 1, 2003, Winbush plead guilty to count one of the indictment in a written plea agreement.

At sentencing, Winbush objected to the enhancement of his sentence pursuant to 18 U.S.C. § 924(e) for his classification as an armed career criminal. The Court overruled

his objection, and he was sentenced pursuant to Section 924(e) and U.S.S.C. § 4B1.4. The Guidelines sentence range was 188 to 235 months. Winbush was sentenced to 188 months' imprisonment. He appealed.

On May 13, 2005, the United States Court of Appeals for the Fifth Circuit rendered judgment affirming Winbush's conviction and sentence. The instant proceeding was instituted on July 27, 2006.

### III. LAW AND ANALYSIS.

Winbush contends that he is entitled to relief under 28 U.S.C. § 2255 on two grounds: (1) his sentence was "illegal" because possession of a firearm is not a crime of violence, therefore his sentence was improperly enhanced under 28 U.S.C. § 924(e)(1); and (2) ineffective assistance of counsel. Winbush's claim of ineffective assistance of counsel is based on the claim that his counsel failed to object to the enhancement of his sentence.

#### A. Illegality of Sentence.

Winbush argues that his sentence was improperly enhanced pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1 because his possession of a firearm was not a "crime of violence" as defined in § 4B1.1. Winbush's claim is not properly before this court.

The only claims that are cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and, in rare circumstances, non-constitutional and non-jurisdictional issues that could result in a "complete miscarriage of justice." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1109 (5th Cir. 1998); <u>United States v. Seyfert</u>, 67 F.3d 544, 546 (5th Cir. 1996); <u>United States v. Smith</u>, 32 F.3d 194, 196 (5th Cir. 1994). Collateral review is

fundamentally different from and may not replace a direct appeal.  See United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584 (1982); United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991).

Winbush's claim that his sentence was illegally enhanced under 18 U.S.C. § 924(e) may not be considered as a ground for relief under 28 U.S.C. § 2255 because the legality of his sentence was already reviewed on direct appeal.  Thus, the claim is without merit.

**B.     Ineffective Assistance of Counsel.**

Winbush also challenges the validity of his sentence on the grounds that he received ineffective assistance of counsel. Ineffective assistance of counsel claims may be considered in a Section 2255 motion.  See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996); United States v. Navejar, 963 F.2d 733, 735 (5th Cir. 1992).  In order to successfully prove a claim of ineffective assistance of counsel, Winbush must prove that (1) his counsel's actions fell below an objective standard of reasonableness; and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). When applying the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Winbush may only overcome this presumption by showing that under the "totality of the circumstances," the attorney's performance was outside the wide range of professionally competent assistance.  See id. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Winbush must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding

would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. In order to establish prejudice under the second prong, Winbush must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." United States v. Saemz-Forero, 27 F.3d 1016, 1019 (5th Cir. 1994); Carter v. Johnson, 110 F.3d 1098, 1110 (5th Cir. 1997); Murray, 736 F.2d at 282.

The prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n. 6 (5th Cir. 1998); Murray, 736 F.2d at 282. If Winbush fails to satisfy either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail. See Tucker v. Johnson, 115 F.3d 276, 289 (5th Cir. 1997); Bryant v. Scott, 28 F.3d at 1415; Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

In his motion for relief under 28 U.S.C. § 2255 and his memorandum in support thereof, Winbush argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.1 because possession of a firearm by a convicted felon does not qualify as a crime of violence as defined by Section 4B1.1. Winbush's claim is erroneous. Winbush was not sentenced by this Court pursuant to U.S.S.G. § 4B1.1 (career offender).[1] Rather, he was sentenced pursuant to Section 4B1.4 (armed career

---

[1] Section 4B1.1(a) states that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

criminal).[2] Section 4B1.4 does not require that the instant crime be a crime of violence; thus, Winbush's claim is without merit. An attorney's assistance cannot be ineffective for failing to raise a meritless claim. See Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990); Murray, 736 F.2d at 283.

**IV. CONCLUSION**.

The Court finds that Winbush's claim as to the legality of his sentence is not cognizable under Section 2255. Further, Winbush has failed to overcome the presumption that his attorney's actions fell within the wide range of reasonable competence and trial strategy, and he has failed to show that absent his attorney's alleged errors, the result of the proceedings would have been different.

Accordingly,

**IT IS ORDERED** that Jarvis D. Winbush's Motion to Vacate, Set Aside, or Correct Sentence (Record Document 43) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of June, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Section 4B1.4 states that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4.